# IN THE UNITED STATES DISTRICT COURT

# FOR THE DISTRICT OF NEW MEXICO

STEPHANIE BARELA,

    Plaintiff,

vs.                                                No. CIV 98-1227 JC/WWD

STATE OF NEW MEXICO, et al.,

    Defendants.

## MEMORANDUM OPINION AND ORDER

THIS MATTER came on for consideration of Defendants' Motion to Dismiss, filed March 23, 1999 *(Doc. 28)*. The Court has reviewed the motion, the memoranda submitted by the parties, and the relevant authorities. The Court finds that Defendants' motion is well taken in part and will be granted in part.

## Background

This case involves the civil rights claim of a former corrections officer at the Penitentiary of New Mexico ("the Penitentiary"). Plaintiff sues the State of New Mexico ("the State"), the Department of Corrections ("the Department"), the Penitentiary, Sergeant Jerry Ortiz (Plaintiff's immediate supervisor), Lieutenant Jim Thompson (Sergeant Ortiz's supervisor), and Warden Tim LeMaster. Plaintiff claims Defendants engaged in a number of sexually discriminatory practices during her employment--including discrimination in her discharge on January 30, 1997. Plaintiff's Complaint contains four claims for relief: (1) Title VII of the Civil Rights Act; (2) the New Mexico Human Rights Act; (3) 42 U.S.C. § 1983 (equal protection); and (4) breach of contract.

Defendants make four separate arguments in their Motion to Dismiss. First, Defendants argue that Plaintiff's claims against the State, the Department, and the Penitentiary, should be dismissed on Eleventh Amendment grounds. Second, Defendants argue the Title VII claims against the individually named Defendants are invalid because Title VII liability extends only to employers, not individuals. Third, Defendants argue Plaintiff's Human Rights Act claim against the State, the Department, and the individually named defendants is improper because Plaintiff has failed to exhaust her administrative remedies against them. Finally, Defendants move to dismiss the breach of contract claim against the individually named defendants, arguing that the individuals were not parties to the contract.

**Analysis**

Plaintiff has conceded a number of Defendants' arguments and agrees to dismiss: (1) the § 1983 claim against the State, the Department, and the Penitentiary; (2) the "official capacity" § 1983 claim against the individually named defendants; (3) the Title VII claim against the individually named Defendants; and (4) the breach of contract claim against all Defendants. *(Pl.'s Resp.* at 1-2.)[1] In light of Plaintiff's acquiescence, Defendants' motion will be granted as to those parts. Plaintiff's § 1983 claim will remain as against the individually named defendants in their individual capacities.

With respect to the balance of Defendants' motion, the Court finds that Defendants' "exhaustion of remedies" argument is meritorious as against the individually named defendants. *See Tafoya v. Bobroff*, 865 F. Supp. 742, 747-48 (D.N.M. 1994); *Luboyseki v. Hill*, 117 N.M. 380, 382 (1994) ("individual defendants cannot be sued in district court under the Human Rights Act unless

---

[1] Plaintiff also implicitly acknowledges that the Eleventh Amendment bars her claim against the Penitentiary. (*Pl.'s Resp. at 3.*)

and until the complainant exhausts her administrative remedies against them.") Plaintiff has provided no legal support for her contention that the individually named Defendants were encompassed in the filing with the New Mexico Human Rights Division. (*Pl.'s Resp.* Ex. A.) Consequently, the Human Rights Act claim against the individually named defendants will be dismissed with prejudice. The Court also *sua sponte* finds that Plaintiff's Human Rights Act claim against the State, the Department, and the Penitentiary is barred by the Eleventh Amendment.

Wherefore,

IT IS HEREBY ORDERED that Defendants' Motion to Dismiss, filed March 23, 1999 *(Doc. 28)*, is **granted in part**.

IT IS ORDERED that:

1. Plaintiff's Title VII claim (First Claim for Relief) is dismissed with prejudice as against Warden Tim LeMaster, Lieutenant Jim Thompson, and Sergeant Jerry Ortiz, in their individual and official capacities.

2. Plaintiff's Human Rights Act claim (Second Claim for Relief) is dismissed with prejudice as against Warden Tim LeMaster, Lieutenant Jim Thompson, and Sergeant Jerry Ortiz, in their individual and official capacities. Plaintiff's Human Rights Act claim is dismissed without prejudice as against the State of New Mexico, the Department of Corrections and the Penitentiary of New Mexico.

3. Plaintiff's 42 U.S.C. § 1983 claim (Third Claim for Relief) is dismissed without prejudice as against the State of New Mexico, the Department of Corrections, the Penitentiary of New Mexico, Warden Tim LeMaster in his official capacity, Lieutenant Jim Thompson in his official capacity, and Sergeant Jerry Ortiz in his official capacity.

4. Plaintiff's breach of contract claim (Fourth Claim for Relief) is dismissed with prejudice as against Warden Tim LeMaster, Lieutenant Jim Thompson, and Sergeant Jerry Ortiz, in their individual and official capacities. Plaintiff's breach of contract claim is dismissed without prejudice as against the State of New Mexico, the Department of Corrections and the Penitentiary of New Mexico.

DATED this 19th day of April, 1999.

_____
CHIEF UNITED STATES DISTRICT JUDGE

Counsel for Plaintiff:        Gail Stewart
Gallagher, Casados & Mann, P.C.
Albuquerque, New Mexico

Counsel for Defendants:     W. Ann Maggiore
Risk Management Legal Bureau
Santa Fe, New Mexico