IN THE UNITED STATES DISTRICT COURT

FOR THE DISTRICT OF NEW MEXICO

STEPHANIE BARELA,

    Plaintiff,

    vs.                                        No. CIV 98-1227 JC/WWD

STATE OF NEW MEXICO, et al.,

    Defendants.

**MEMORANDUM OPINION AND ORDER**

THIS MATTER came on for consideration of Defendants' Amended Motion to Dismiss on Qualified Immunity Grounds, filed April 21, 1999 *(Doc. 39)*. The Court has reviewed the motion, the memoranda submitted by the parties, and the relevant authorities. The Court finds that Defendants' motion is well taken and will be granted.

The background to this case was previously described in my April 19, 1999 Memorandum Opinion and Order *(Doc. 38)*. In that opinion, I dismissed the claims against the individually named defendants, with the exception of an equal protection claim against those defendants in their individual capacities. The individually named defendants now move to dismiss the equal protection claim based on qualified immunity.

Qualified immunity allows "government officials performing discretionary functions [to be] shielded from liability for civil damages insofar as their conduct does not violate clearly established statutory or constitutional rights of which a reasonable person would have known." *Tonkovich v. Kansas Bd. of Regents*, 159 F.3d 504, 516 (10th Cir. 1998) (*quoting Ramirez v. Oklahoma Dep't*

*of Mental Health*, 41 F.3d 584, 592 (10th Cir. 1994) (internal quotations omitted). "Qualified immunity spares Defendants the burden of proceeding with . . . litigation unless Plaintiff can show that Defendants violated clearly established statutory or constitutional rights of which a reasonable person would have known." *Dill*, 155 F.3d at 1204 (*quoting Harlow v. Fitzgerald*, 457 U.S. 800, 818 (1982)) (internal quotations omitted).

When a qualified immunity defense is raised in a 12(b)(6) motion, the Court must evaluate the plaintiff's allegations under a heightened pleading standard. *See Dill v. City of Edmond*, 155 F.3d 1193, 1204 (10th Cir. 1998). The heightened pleading standard requires "the complaint to contain specific, non-conclusory allegations of fact sufficient to allow the [Court] to determine that those facts, if proved, demonstrate that the actions taken were not objectively reasonable in light of clearly established law." *Id.* (*quoting Breidenbach v. Bolish*, 126 F.3d 1288, 1292 (10th Cir. 1997)) (internal quotations omitted). The gist of Defendants' argument is that Plaintiff's Complaint does not meet the heightened pleading standard. Defendants argue Plaintiff's Complaint lacks the necessary "specific, non-conclusory allegations" that the defendants' actions were "not objectively reasonable in light of clearly established law." *See Defs.' Mot.* at 5-6; *Defs.' Reply* at 1-2.

Evaluating Plaintiff's allegations against the individually named defendants is challenging. Plaintiff has made a number of allegations against her "male superiors" and "supervisors" that may or may not include conduct attributable to Warden LeMaster, Lieutenant Thompson and/or Sergeant Ortiz. *See Complaint* at ¶¶ 16, 17, 18, 22, 25 and 42. Plaintiff has also made a host of general

allegations against "Defendants," not specifying which Defendants are culpable. *See Complaint* ¶¶ 15, 30, 31, 32, 42-49.[1]

Under the heightened pleading standard, general allegations against "supervisors," "male superiors" and "Defendants" are insufficient. Plaintiffs must specify who did what, when and why. In this case, Plaintiff has failed to provide the necessary who, what, when, and why for the bulk of her allegations. For example, the allegations against Sergeant Ortiz are that he:

> harassed [Plaintiff] in his supervision by acts such as: demeaning her verbally; constantly questioning her job performance; providing no relief for her to leave her floor as required by job duties or to use the restroom; complaining about her receipt of phone calls and failing to bring the equipment necessary for her job duties.

*Complaint* at ¶ 19. These allegations provide no when or where to the alleged harassment. Similarly, the allegations against Lieutenant Thompson are that Plaintiff "experience[d] discriminatory treatment based on her sex by . . . Lt. Jim Thompson." *Complaint* at 4 ¶ 20. Plaintiff also claims that "Lt. Thompson gave special instructions to three sergeants pertaining only to Ms. Barela to 'keep her in her pod,'" and that Lieutenant Thompson "spoke to her with foul language and demeaned her in front of an inmate on or about December 5, 1996." *Complaint* at 4 ¶ 21. Although these allegations are date specific, they are extremely vague. It is unclear what the allegations actually mean.[2] Thus, Sergeant Ortiz and Lieutenant Thompson are entitled to qualified immunity.

---

[1] Complicating the matter is the fact that Plaintiff has made no attempt to clarify or elaborate on her allegations. *See Pl.'s Resp.* at 3. *See also Dill*, 155 F.3d 1204 ("Plaintiff stood on his original complaint and the district court's grant of qualified immunity was based solely on the allegations set forth therein and the arguments raised in the parties' briefs.").

[2] Even if the allegations were more specific, they would be insufficient as a matter of law to state an equal protection claim. *See Steepp v. Proctor*, No. 93-7023, 1993 WL 498172, at *2 (10th Cir. Dec. 2, 1993) ("Whatever may constitute a hostile work environment under 1983, two specific instances of improper conduct do not.").

As far as the allegations against Warden LeMaster, I find that Plaintiff has failed to demonstrate that his actions were not "objectively reasonable in light of clearly established law." The specific allegations against Warden LeMaster are contained in paragraphs 16 and 26. Neither paragraph 16 nor 26 specifies the substance of what Plaintiff complained of to the warden and neither alleges intentional disregard or deliberate indifference to the complaints. *See Southard v. Texas Bd. of Criminal Justice*, 114 F.3d 539, 550 (5th Cir. 1997). Thus, Warden LeMaster is also entitled to qualified immunity.

Wherefore,

IT IS HEREBY ORDERED that Defendants' Amended Motion to Dismiss on Qualified Immunity Grounds, filed April 21, 1999 *(Doc. 39)* is **granted**.

DATED this 28th day of May, 1999.

_____
**CHIEF UNITED STATES DISTRICT JUDGE**

Counsel for Plaintiff:    Gail Stewart
                          Gallagher, Casados & Mann, P.C.
                          Albuquerque, New Mexico

Counsel for Defendants:   W. Ann Maggiore
                          Risk Management Legal Bureau
                          Santa Fe, New Mexico